**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KAREN J. ROWELL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1160-JWL |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income benefits (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding that Plaintiff has presented new and material evidence for which there is good cause for the failure to incorporate that evidence into the administrative record before the Commissioner, the court ORDERS remand for further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g).

**I.   Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning March 31, 2009. (R. 17, 209, 213). Plaintiff exhausted proceedings before the Commissioner, and

now seeks judicial review of the final decision denying benefits. Because Plaintiff appears pro se, the court views her filings liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court will not serve as Plaintiff's attorney in constructing arguments or in searching the record. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Plaintiff argues that certain documents were erroneously omitted from the record by the Appeals Council, and that the Administrative Law Judge (ALJ) erred in her credibility determination, and should have called a medical expert to testify regarding whether Plaintiff's condition meets or medically equals the severity of a Listed impairment.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Because the court finds that remand is necessary pursuant to the sixth sentence of 42 U.S.C. § 405(g) for the Commissioner to take additional evidence, it will be necessary for the Commissioner on remand to once again apply all of the steps in the sequential evaluation process.  Therefore, the court will not provide an advisory opinion regarding evaluation of the record evidence, the medical opinions, the credibility of Plaintiff's allegations of symptoms, whether a medical expert should be called, or assessment of Plaintiff's limitations.  Plaintiff may make her arguments with regard to each of these matters before the Commissioner on remand.

**II.	Discussion**

Plaintiff asserts that there was an MRI performed on her cervical spine on May 24, 2013, a report of which was provided to the Appeals Council by her then attorney on July 10, 2014, but which is not in the administrative record as it appears before this court.  (Pl. Br. 6-7).  Plaintiff questions "why such an important document would be left out of the

Administrative Record," id. at 6, and states that she "is prepared to provide the court with the original disc that shows this document was, in fact, submitted to the Appeals Council as stated." Id. at 7. Plaintiff provided the court with copies of that MRI report attached to her Social Security Brief. Id., see also (Doc. 13, Attachs. 2, 3). Thereafter, Plaintiff argues, in part, that the MRI report demonstrates that she is in fact disabled and that the court should so find, contrary to the ALJ's decision. Although the court is prohibited from making a de novo disability decision, or from reweighing the evidence and substituting its judgment for that of the ALJ, reading Plaintiff's pro se brief liberally, as it must, the court deems Plaintiff's argument, in context, as a request for a sentence six remand for this evidence to be presented to and considered by the Commissioner. The Commissioner responds that the records Plaintiff submitted to the Appeals Council and which are included in the administrative record filed with the court "discuss Plaintiff's most recent MRI," and that the Appeals Council concluded that evidence did not provide a basis to change the ALJ's decision. (Comm'r Br. 4) (citing R. 5, 49-53).

Sentence six of the statute authorizing judicial review of a decision of the Commissioner provides that the reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Commissioner has promulgated regulations which provide that a claimant might submit certain new evidence to the Appeals Council. 20 C.F.R. §§ 404.970,

404.976, 416.1470, 416.1476.  "The Appeals Council will consider . . . any new and material evidence submitted to it that relates to the period on or before the date of the administrative law judge hearing decision." Id. at 404.976(b), 416.1476(b).

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.  The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. §§ 404.970(b), 416.1470(b).

The Tenth Circuit has considered and summarized certain relevant principles for courts to use when considering evidence submitted directly to the Appeals Council, requiring that the Council must:

> consider evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.' Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995) (internal quote omitted); Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991) (internal quote omitted); see also O'Dell [v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994)].

Lawson v. Chater, 83 F.3d 432, 1996 WL 195124, at **1 (10th Cir. Apr.23, 1996).  "Whether [evidence] qualifies as new, material and chronologically relevant is a question of law subject to our de novo review.  See Box[,] 52 F.3d [at] 171." Wilson v. Apfel, 215 F.3d 1338, 2000 WL 719457, at **2 (10th Cir. June 5, 2000).  If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. See id.; Tollett v. Barnhart, 60 Fed. Appx. 263, 2003 WL 1473565, at *1 (10th Cir. Mar. 24, 2003).  If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of

> benefits under the substantive-evidence standard. See O'Dell, 44 F.3d at 859 (following, among other cases, Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992)). Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings. See Lawson, 83 F.3d 432, 1996 WL 195124, at **1–2; accord Nelson, 966 F.2d at 366.

Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004).

The Commissioner's argument that the evidence which the Appeals Council admittedly had before it discusses Plaintiff's most recent MRI and therefore justifies the Council's determination that the MRI did not provide a basis for changing the ALJ's decision (Comm'r Br. 3-4) (citing R. 49-53), is not supported by the record evidence. As the Commissioner suggests, the Appeals Council reviewed treatment records from Dr. Grundmeyer and the Kansas Spine Hospital dated in November 2013, and decided that information would not affect the ALJ's decision. (R. 5). And, the information the Council considered contains a discussion of "an MRI of the cervical spine . . . revealing C4 to C7 central canal stenosis with bilateral foraminal narrowing." (R. 49, 52); see also (R. 50) (Radiograph studies revealing "significant central canal stenosis and bilateral foraminal narrowing"); (R. 53) (same). The Commissioner is wrong, however, to argue that the Appeals Council "concluded that the additional evidence did not provide a basis for changing the ALJ's decision." (Comm'r Br. 4).

In its "Notice of Appeals Council Action," the Council stated that it had considered Plaintiff's reasons for disagreeing with the ALJ's decision and the "additional evidence listed on the enclosed Order of Appeals Council." (R. 4). The evidence listed

7

on the Order of Appeals Council consists of Exhibits 21E, and 19F - 23F.  (R. 9).  Those exhibits appear in the record at pp. 316-17 and pp. 651-731.  (R. 316-17, 651-731).  The evidence listed in the Order of Appeals Council does not include the dates of the MRI at issue, and does not discuss the results of that MRI.  It was "this information" that the Council found "does not provide a basis for changing the Administrative Law Judge's decision."  (R. 5).  In its next paragraph, the Appeals Council noted it had "looked at the additional treatment records from Dr. Grundmeyer, Via Christi Hospital, and the Kansas Spine Hospital, dated November 10, 2013 - February 1, 2014."  (R. 5).  It noted that this information was about a time after the ALJ's decision which was dated November 1, 2013, and concluded that "[t]herefore it does not affect the decision about whether you were disabled beginning on or before November 1, 2013."  (R. 5).

The records from after November 1, 2013 are included in the record at pp 43-54. (R. 43-54).  And, they include a discussion regarding an MRI which, at least arguably, is the MRI included as an attachment to Plaintiff's Brief, and which is dated May 24, 2013. (Pl. Br.) (attachs. 2, 3).  However, the Commissioner misses the significance of the fact that MRI was performed on May 24, 2013, almost six months before the ALJ decision in this case.  That fact suggests that Plaintiff's "significant central canal stenosis and bilateral foraminal narrowing" which arguably required her cervical surgery in December 2013 existed before the ALJ's decision and at least could affect the decision in this case, contrary to the Appeals Council's determination.

The court must determine if the evidence at issue qualifies as new, material and chronologically relevant evidence. If so, this case should be remanded for further proceedings. Chambers, 389 F.3d at 1142. The court finds that it qualifies. The evidence clearly qualifies as new, because it does not appear in the record, and it is not merely cumulative evidence because no other evidence indicates significant central canal stenosis during the period at issue before the ALJ. The evidence is material because if fully credited by an ALJ, it provides a basis to determine that Plaintiff was, in fact, disabled within the period at issue here. As noted above, the evidence is chronologically relevant because it relates to Plaintiff's condition during the period of time after her alleged onset date of disability and before the date of the ALJ's decision.

The only remaining question which could potentially preclude remand in these circumstances is whether "there is good cause for the failure to incorporate such evidence into the record." 28 U.S.C. § 405(g) (sixth sentence). Plaintiff points out that she discussed the MRI results at issue during the ALJ hearing. (Pl. Br. 7) (citing R. 61 ("I've got like spinal stenosis. I've got like a narrow spinal canal and three discs that are really bad in my neck so it's pressing into my spinal cord and it's impinging on the nerves in both of my arms.")). Plaintiff states that her attorney submitted the MRI report to the Appeals Council, and that she "is prepared to provide the court with the original disc that shows this document was, in fact, submitted to the Appeals Council." (Pl. Br. 7).

The MRI at issue was performed on May 24, 2013, and the ALJ hearing occurred one month later on July 30, 2013. (R. 17). The record confirms that Plaintiff stated

findings at the hearing which coincide with the findings in the MRI report.  Compare (R. 61), with (Pl. Br., Attachs. 2, 3).  Moreover, and perhaps most importantly, the Commissioner does not even argue that there is not good cause for Plaintiff's failure to incorporate that evidence into the record.  In fact, she does not even argue that the evidence was not presented to the Appeals Council.  As Plaintiff pointed out, all of this "raises a question why such an important document would be left out of the Administrative Record."  (Pl. Br. 6).  Remand is necessary in accordance with the sixth sentence of 42 U.S.C. § 405(g) for the Commissioner to consider this evidence.

**IT IS THEREFORE ORDERED** that this case shall be remanded for further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g).  Judgment shall not be entered at this time.  Further proceedings shall be accomplished in this case in accordance with Local Rule 83.7.2

Dated this 26th day of April 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**